IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **GB PLAZA, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:23-cv-01313 |
| | ) | |
| **AMERICAN GUARANTEE AND** | ) | **JUDGE CAMPBELL** |
| **LIABILITY INSURANCE** | ) | **MAGISTRATE JUDGE FRENSLEY** |
| **COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant American Guarantee and Liability Insurance Company's ("AGLIC") Motion to Dismiss. (Doc. No. 14). Plaintiff GB Plaza, LLC filed a response in opposition (Doc. No. 17), and Defendant filed a reply (Doc. No. 21). Plaintiff moved to strike the reply or for leave to file a sur-reply on grounds that Defendant's reply exceeded the allowable page limit and raised new arguments. (Doc. No. 22). In response, Defendant filed a response in opposition to Plaintiff's motion, primarily addressing the propriety of a sur-reply (Doc. No. 24), and an unopposed motion for leave to exceed the page limit (Doc. No. 23).

The relief requested in the parties' supplemental briefing is **DENIED**. The page limit applies to the body of the memo, exclusive of case caption and signature. *See* L.R. 7.03(a). Accordingly, Defendant's reply did not exceed the five-page limit. The Court also finds that a sur-reply is not necessary to resolve the motion. Therefore, Plaintiff's Motion to Strike or in the Alternative to Allow a Sur-Reply (Doc. No. 22) is **DENIED**, and Defendant's Unopposed Motion to Exceed Page Limit (Doc. No. 23) is **DENIED as MOOT**.

With those preliminary matters dispensed with, the Court turns to Defendant's Motion to Dismiss the Amended Complaint. (Doc. No. 14). Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

This case concerns an insurance claim for damages to Plaintiff's building as a result of detonation of a bomb in downtown Nashville on December 25, 2020. The parties disagree on the amount of loss. Pursuant to the terms of the Insurance Policy, the parties each selected an Appraiser and the two Appraisers selected an Umpire. Because the appraisers did not agree on the amount of the loss, they submitted their difference to the Umpire, who issued an Appraisal Award. Plaintiff contends that the appraiser's one-page Appraisal Award was issued in violation of the process required by the appraisal provision of the Insurance Policy. Plaintiff seeks declaratory judgment either setting aside the Umpire's Appraisal Award or, in the alternative, clarifying alleged ambiguities in the Award. Defendant argues that the case is not proper for declaratory

2

judgment and that, under Tennessee law, unless the Umpire exceeded his authority, the Plaintiff has no legal recourse from a final appraisal award.

Accepting the facts alleged in the Amended Complaint as true, the Court finds that Plaintiff states a claim upon which relief can be granted. *See Thomas v. Standard Fire Ins. Co.*, 2016 WL 638559 (Tenn. Ct. App. 2016) (holding that parties may not challenge the umpire award based solely on the amount of award determined by the umpire, but suggesting that a party may challenge an umpire award for reasons unrelated to the amount of the award, such as application of the process).

Accordingly, Defendant's Motion to Dismiss (Doc. No. 14) is **DENIED**. In addition, because Plaintiff has filed an amended complaint, which is the subject of the instant motion to dismiss, the previously filed motion to dismiss (Doc. No. 8), which addresses the original complaint, is **DENIED AS MOOT**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE